(No. 4857—

LOWELL M. WEBB, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed February 17, 1967.*

KRUSEMARK and BERTANI, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; GERALD S.

GROBMAN, Assistant Attorney General, for Respondent.

PEZMAN, J.

Claimant, Dr. Lowell M. Webb, a veterinarian, seeks to recover $4,500.00 allegedly due him from the State of Illinois as contributions toward his salary as Will County Veterinarian. He is seeking fifteen monthly payments of $300.00 each for the period of October, 1956 through December, 1957.

Will County, acting through its Board of Supervisors, had adopted the ''County Area Plan'' for the suppression, eradication and control of bovine tuberculosis and Bang's disease within Will County pursuant to the provisions of Chap. 8 of the 1955 Ill. Rev. Stats.

The Will County Board of Supervisors had employed Dr. Webb by written contract annually since 1947 as County Veterinarian, and annually since 1948 had petitioned the Department of Agriculture of the State of Illinois for payment of 50% of Dr. Webb's salary, as provided for in Sec. 187a of Chap. 8 of the 1955 Ill. Rev. Stats.

On September 11, 1956, at a regularly convened meeting of the County Board of Supervisors of Will County, Illinois, the County Board duly passed a resolution to adopt the ''County Area Plan'', and to employ a County Veterinarian beginning October 1, 1956 and ending September 30, 1957 at a salary for the year of $7,680.00. On

the same date the Board entered into a written contract with Dr. Webb, hiring him for the year in question.

On September 10, 1957, at a regularly convened meeting of the Board of Supervisors of Will County, Illinois, the County Board duly passed a similar resolution to employ a County Veterinarian for the period beginning October 1, 1957 and ending September 30, 1958 at a salary of $7,680.00. On the same date the Board entered into a written contract with Dr. Webb, hiring him for the year in question.

During the period of October, 1956 through December, 1957, the United States Department of Agriculture conducted an investigation of claimant for suspected irregularities in the Co-operative Animal Disease Eradication Programs in Will County, Illinois, and, because of said investigation, the Department of Agriculture of the State of Illinois, which was advised thereof by the Secretary of Agriculture of the United States, informed claimant that he was to perform no official activity until the investigation had been completed. Claimant was advised by letter, dated January 8, 1957, by the United States Department of Agriculture that his accreditation with them was cancelled.

For the period of October, 1956 through December, 1957, the County of Will paid Dr. Webb their share of his salary, and during this period of time the State of Illinois refused to make any payment of their share of his salary. Claimant alleges that, during the period of October, 1956 through December, 1957, he performed all of his duties as County Veterinarian other than issuing health certificates for animals intended for interstate or export shipment, or the personal testing or vaccination of animals as to tuberculosis and brucellosis, these par-

ticular functions being denied him because of the suspension of his accreditation by the United States Department of Agriculture.

In this cause, claimant is attempting to recover damages from the State of Illinois for breach of a contract between the County of Will and the State of Illinois. As a general rule, only a party or a privy to a contract may enforce it, or be held responsible for any alleged breach. Claimant has no contract with the State of Illinois. Claimant under his contract with the County of Will was to receive $340.00 from the County of Will, and the balance of his salary, amounting to the sum of $300.00, was to be paid from sums allocated by the State of Illinois to said County.

The State of Illinois was never required to make any salary payments directly to claimant. All sums were allocated by respondent solely to the County of Will.

Chap. 8, Sec. 187a of the 1955 Ill. Rev. Stats., provides that:

"The Department (of Agriculture of the State of Illinois) shall, upon the petition of the County Board or County Boards, make payment of 50% of the salary of the County Veterinarian and his assistants. . . ."

This section clearly indicates that only the County can petition the Department of Agriculture for its share of the County Veterinarian's salary, and there is nothing in this section granting the County Veterinarian the right to personally petition the Department. Claimant's total salary was actually paid by the County of Will, and the fact that the State made payments to the County pursuant to a statute should not be construed as making respondent a party to any employment contract between claimant and the County of Will.

Chap. 8, Sec. 187a of the 1955 Ill. Rev. Stats., provides that:

"Any County or Counties adopting the County Area Plan may employ a County Veterinarian and assistants for the supervision of contagious diseases of livestock within the County, and the suppression, eradication and control of bovine tuberculosis and Bang's disease. The Veterinarian shall be approved by the Department, and shall work under the direction of and in conjunction with the Department. . . ."

On September 28, 1956, the State of Illinois Department of Agriculture informed claimant that an investigation was being conducted by the United States Department of Agriculture in which claimant was suspected of certain irregularities in the conduct of the Co-Operative Animal Disease Eradication Programs in Will County; and that, as a result of this investigation, the State Department of Agriculture found it necessary to restrict claimant from performing any official activity in connection with the Co-Operative Animal Disease Eradication Programs in Illinois until the investigation was completed. This restriction was to be effective as of the close of business on September 30, 1956.

This Court construes the letter of the State Department, dated September 28, 1956, as a refusal on the part of the Illinois Department of Agriculture to approve the appointment of claimant as County Veterinarian. Approval of claimant as County Veterinarian by the Illinois Department of Agriculture was a condition precedent to the Department's obligation to reimburse the County of Will for 50% of the salary of the County Veterinarian.

Claimant alleges in his complaint that during the period in question, October, 1956 through December, 1957, he had duly performed his official duties in Will County, Illinois, as County Veterinarian, with the knowledge and approval of the Department of Agriculture of the State

of Illinois, and under the direction of said Department, and in conjunction with the rules and regulations of said Department.

One of Dr. Webb's official duties, which by the letter of September 28, 1956 he was specifically barred from performing, was to submit certain monthly reports concerning the herds and the number of head of cattle subjected to the tuberculin tests and the Bang's disease control program. Claimant filed with the Court copies of the required monthly reports which had allegedly been sent by claimant to the Illinois Department of Agriculture. However, the report of the Illinois Department of Agriculture states categorically that Dr. Webb submitted no reports to the division of the work which he performed during the period of October, 1956 to December, 1957. There were approximately thirty-three pages of official departmental records filed with the Court supporting the Department of Agriculture on this question. In view of the evidence submitted, the Court finds that claimant has failed to prove by a preponderance of the evidence a filing of the required monthly reports.

It is the opinion of this Court that claimant has failed to establish a cause of action against the State of Illinois. There is a complete failure of privity of contract between claimant and the State. This Court further finds that the State of Illinois, because of its refusal to approve the appointment of claimant as County Veterinarian for Will County, Illinois, was not obligated under the statute to reimburse the County of Will for any portion of claimant's salary from the County of Will for the performance of any duties as County Veterinarian.

The claim is hereby denied.